The Honorable Wanda Northcutt State Representative Star Route, Box 25 Stuttgart, Arkansas 72160
Dear Representative Northcutt:
This opinion is being issued in response to your recent questions regarding issues involving city recorder/treasurers and mayors. More specifically, you have presented the following questions:
 (1) Is there anything in Ordinance 217 (City of Gillett) (copy attached) that is contrary to the laws of the State of Arkansas?
 (2) Does the mayor have the sole authority to "fire" the recorder/treasurer from the water clerk duties mentioned in Ordinance 217?
 (3) Does the mayor have the authority to bar the recorder/treasurer from city hall where the recorder/treasurer's office is located?
 (4) Can the mayor force the recorder/treasurer to perform additional duties (i.e., be the mayor's administrative assistant) without a change of Ordinance 217 by the council?
 (5)(a) Does the recorder/treasurer's job need a job description on file in city hall other than that which is prescribed by state statutes and local ordinances?
 (5)(b) If so, then who has the authority to write that job description and does it need council approval?
 (6) Does the mayor have the authority to require the recorder/treasurer to submit to annual job evaluations by the mayor as is required of city employees?
 (7) Are appointed recorder/treasurers considered to be elected officials or city employees?
 (8) Does the mayor have the authority to let other city employees and persons hired by the mayor to have access to the recorder/treasurer's desk and to accept money, write receipts and make deposits of city money?
 (9) Does the fact that Ordinance 217 requires the recorder/treasurer to perform the water clerk duties make the recorder/treasurer a city employee rather than an elected official?
 (10) Can the mayor call for an executive session of the council without calling a public meeting first, without a determination of quorum being made, and without informing the citizens and media of the meeting?
RESPONSE
Question 1 — Is there anything in Ordinance 217 (City of Gillett) (copyattached) that is contrary to the laws of the State of Arkansas?
It is my opinion that Ordinance 217 appears on its face to be consistent in all respects with the laws of the State of Arkansas, being an exercise of the authority granted in A.C.A. § 14-44-114 and in A.C.A. §14-44-109(b).
Question 2 — Does the mayor have the sole authority to "fire" therecorder/treasurer from the water clerk duties mentioned in Ordinance217?
It is my opinion that the mayor does not have the authority to alter the duties of the recorder/treasurer unilaterally. The authority to establish the duties of the recorder/treasurer resides with the city's legislative body, pursuant to A.C.A. § 14-44-109(b). Such duties are prescribed by ordinance. Therefore, the mayor does not have authority to change those duties.
Question 3 — Does the mayor have the authority to bar therecorder/treasurer from city hall where the recorder/treasurer's officeis located?
Although state law does not specifically address such a situation, it is my opinion that the mayor does not have authority to bar the recorder/treasurer from the recorder/treasurer's office. The recorder/treasurer has clearly been placed in office either by the general electorate pursuant to A.C.A. § 14-44-115, or by a majority vote of the city council in order to fill a vacancy pursuant to A.C.A. §14-44-116. In either instance, any attempt by the mayor to obstruct the recorder/treasurer from performing the duties to which he or she was elected would constitute a subversion of the will of the electorate, and could give rise to legal action.
Question 4 — Can the mayor force the recorder/treasurer to performadditional duties (i.e., be the mayor's administrative assistant) withouta change of Ordinance 217 by the council?
It is my opinion, for the reasons stated in response to Question 2, that the mayor may not force the recorder/treasurer to perform additional duties without an ordinance that has been duly passed by the city's legislative body.
Question 5(a) — Does the recorder/treasurer's job need a job descriptionon file in city hall other than that which is prescribed by statestatutes and local ordinances?
It is my opinion that state law does not require that a job description for the recorder/treasurer's position be placed on file in the city hall. However, this is matter that may appropriately be addressed and required by city ordinance. Because cities have been granted authority to legislate with regard to the duties of recorder/treasurers, see A.C.A. §14-44-109(b), they may, as a part of this authority, require the filing of a job description.
Question 5(b) — If so, then who has the authority to write that jobdescription and does it need council approval?
It is my opinion that because the matter of a job description for the recorder/treasurer is within the exclusive authority of the city council, the question of who would have the authority to write and approve such a description would likewise be a matter that must be determined by the city council.
Question 6 — Does the mayor have the authority to require therecorder/treasurer to submit to annual job evaluations by the mayor as isrequired of city employees?
It is my opinion, for the reasons stated in response to Question 2, that the mayor does not have the authority to require the recorder/treasurer to submit to annual job evaluations by the mayor as is required of city employees. The question of whether a recorder/treasurer has adequately performed the duties of the office is one that must be addressed by the electorate, rather than by the mayor.
Question 7 — Are appointed recorder/treasurers considered to be electedofficials or city employees?
It is my opinion that appointed recorder/treasurers are considered to be elected officials, rather than city employees. Vacancies in the position of recorder/treasurer are to be filled by a majority vote of the city council. A.C.A. § 14-44-116. See also A.C.A. § 14-42-103. Therefore, even though this means of filling vacancies in the position is usually referred to as an "appointment," the person chosen to fill the vacancy is, in actuality, chosen by means of election.
Moreover, it is my opinion that even if the individual who is chosen to fill the vacancy were placed in the position by a means other than election, the individual should nevertheless be treated as an elected official, rather than as a city employee, because the position itself is an elective office, and the appointee has been placed in the position to complete the term of an elected official. The appointee is therefore a surrogate elected official.
Question 8 — Does the mayor have the authority to let other cityemployees and persons hired by the mayor to have access to therecorder/treasurer's desk and to accept money, write receipts and makedeposits of city money?
I have previously addressed the question of whether a mayor may grant third parties access to a clerk/treasurer's office in a city of the first class. See Op. Att'y Gen. No. 95-170, a copy of which is attached. As I stated in that opinion, state law neither prohibits the mayor from granting such access, nor requires the clerk/treasurer to prohibit such access. I also noted in that opinion that many of the records and information in the custody of the clerk/treasurer are matters to which the public can obtain access pursuant to the Arkansas Freedom of Information Act (A.C.A. § 25-19-101 et seq.).[1] Finally, I noted that the question of access to the clerk/treasurer's office may be a matter that has been addressed by the city council, and that reference should be made to the city's ordinances.
It is my opinion that the analysis that I applied in Op. No. 95-170 to the issue of access to the clerk/treasurer's office in a city of the first class also applies to the issue of access to the recorder/treasurer's office in a city of the second class. Therefore, because state law does not prohibit such access, and does not require the recorder/treasurer to prohibit such access, reference should be made to the city's ordinances.
The question of whether the mayor has the power to assign the duties of accepting money, writing receipts, and depositing money must be addressed separately from the access issue. An analysis of the question depends upon whether those duties are the duties of the recorder/treasurer.
You have implied (but not expressly stated) that these duties are the duties of the recorder/treasurer. If so, the recorder/treasurer was elected for the purpose of carrying out these duties. The mayor clearly cannot unilaterally reassign the duties of an elected official to an appointed city employee. To do so would constitute an attempt to contravene the city council's authority under A.C.A. § 14-44-109(b) to establish the duties of the recorder/treasurer's office, as well as an indirect attempt to remove the recorder/treasurer from office, which the mayor does not have authority to do. The procedure for removal of officers is governed by A.C.A. § 14-42-109; removal must ultimately be carried out by the city council.
However, the mayor does have a certain measure of authority to appoint city employees. The mayor possesses expressly-granted authority to appoint city department heads. See A.C.A. § 14-42 110. Therefore, if the duties that you have described are those of a department head who has been appointed by the mayor pursuant to state law, the mayor has acted within his or her proper authority. In addition, the mayor may also possess authority that has been granted by city ordinance to hire other city employees. See Op. Att'y Gen. No. 93-268. If the mayor has been given such authority by city ordinance, and if the duties that you have described are the duties of an employee whom the mayor has the authority to hire, then he or she may have acted within that authority in assigning those duties.
Question 9 — Does the fact that Ordinance 217 requires therecorder/treasurer to perform the water clerk duties make therecorder/treasurer a city employee rather than an elected official?
It is my opinion that the added duties of water clerk do not transform the status of the position of recorder/treasurer from elective office into city employee. The position is an elective office by virtue of state law. A.C.A. § 14-44-115. The city council has the authority to prescribe the duties of the office. A.C.A. § 14-44-109(b). If the city council happens to prescribe duties that could, under other circumstances, be performed by a city employee, that fact does not have the effect of changing the nature of the position as established by state law.
Question 10 — Can the mayor call for an executive session of the councilwithout calling a public meeting first, without a determination of quorumbeing made, and without informing the citizens and media of a meeting?
It is my opinion that the mayor may not call an executive session without proper notice of the session having been given pursuant to the Freedom of Information Act (A.C.A. §§ 25-19-101 et seq.). See Op. Att'y Gen. No.90-239; Watkins, Arkansas Freedom of Information Act 239 (2d Ed. 1994). Moreover, it is my opinion that before retiring to the executive session, the governing body must meet in public to announce the purpose of the session. Id.
Any action taken during the executive session must be ratified in public. A.C.A. § 25-29-106(c)(4); Op. Att'y Gen. No. 90-239; Watkins,Arkansas Freedom of Information Act 239 (2d Ed. 1994). Such ratification clearly cannot be carried out without the required quorum being present.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] As I noted in Op. No. 95-170, the Freedom of Information Act contains various exceptions, the applicability of which must be determined on fact-specific basis. This opinion does not attempt to address the question of whether any particular records or information are obtainable under the act. It should therefore not be interpreted as having done so.